UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE STEPHEN SMITH,

    Petitioner,

v.                              Case No: 2:13-cv-128-FtM-29CM

STUART K. WHIDDON, Sheriff,
MARC J. MOORE, Director of
the Southern District Field
Office, ANTHONY AIELLO,
Asst. Field Office Director,
ERIC HOLDER, Attorney
General, JANET NAPOLITANO,
Secretary of the Department
of Homeland Security, and
JOHN MORTON, Director of
ICE,

    Respondents.
_____

## **ORDER OF DISMISSAL**

This matter comes before the Court upon review of Respondent's Motion to Dismiss for Mootness (Doc. #12) filed on December 7, 2015.[1] Petitioner has not filed a response to Respondent's Motion

---

[1] Petitioner named several Respondents. (See Doc. #1.) Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts, which also applies to cases filed under § 2241, provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent." The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfield v. Padilla, 542 U.S. 426, 435 (2004). This is "'the person with the ability to produce the prisoner's body before the habeas court.'" Id. at 435-436. In this case, the Glades County Sheriff, Stuart Whiddon, was Petitioner's immediate custodian considering Petitioner was held

and the time to do so has expired. (See docket.) This matter is ripe for review.

**I.**

Petitioner George Stephen Smith, a citizen of Anguilla, filed a *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Doc. #1) on February 25, 2013, while detained at the Glades County Detention Center. Petitioner challenges his mandatory detention pursuant to 8 U.S.C. § 1226(c).[2] Petitioner submits that he is entitled to an individualized bond hearing and should not be mandatorily detained. (Doc. #1, pp. 1-3.) As relief, Petitioner seeks an individualized bond hearing and any other relief deemed appropriate by the Court. (Id. at 5.)

Respondent filed a Response opposing the Petition in its entirety and seeking dismissal of the Petition on May 6, 2013. (See Doc. #7.) Petitioner filed a reply (Doc. #8) on May 22, 2013.

---

at the Glades County Detention Center. All other named Respondents will be dismissed from this action.

[2]The Court recognizes that on January 28, 2015, Congress proposed amendments to 8 U.S.C. § 1226. One of those amendments removes subsection (e) of § 1226, entitled "Judicial Review." This subsection tried to limit judicial review of the Attorney General's discretionary judgment regarding the application of this statute. Nevertheless, the United States Supreme Court recognized in Demore v. United States, that subsection (e) does not deprive the federal courts of jurisdiction when a petitioner challenges the constitutionality of his/her detention under § 1226(c). Demore, 538 U.S. 510, 517 (2003).

On November 24, 2015, the Court issued an Order requiring Respondent to file an update with the Court informing the Court of the status of Petitioner's removal proceedings. (Doc. #11.) In response to the Court's Order, Respondent filed a Motion to Dismiss for Mootness (Doc. #12) and attached supporting exhibits. Respondent contends that the Petition is due to be dismissed as moot because the United States Immigration and Customs Enforcement ("ICE") released Petitioner from custody on January 6, 2014.

## II.

The uncontested factual history set forth in Respondent's Response is as follows: Petitioner, a native and citizen of Anguilla, entered the United States in 1976 and became a lawful permanent resident.

In 2002, Smith was convicted of possession of cannabis and sentenced to 12 months of probation. On October 28, 2004, Smith was convicted of delivery of cannabis and possession of cannabis, for which he was sentenced to 18 months probation for the delivery count and 12 months of probation for the possession count. On August 15, 2012, ICE took Smith into custody and initiated removal proceedings against him. On the same day, Smith was charged with removability pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) for having been an aggravated felon.

On August 21, 2012, the Department of Homeland Security initiated removal proceedings by filing the Notice to Appear with

the Immigration Court. On December 17, 2012, the immigration judge issued an order administratively closing Smith's case before the immigration court. On January 15, 2013, Smith's custody transferred to ICE again. On February 12, 2013, the immigration court re-calendared his case. On February 12, 2013, Smith filed a habeas petition in this Court challenging his mandatory detention.

On December 9, 2013, the Immigration Judge issued a decision rescinding the order of removal and terminating the removal proceedings. (See Doc. #12-1.) On January 6, 2014, the United States Immigration and Customs Enforcement ("ICE") released Petitioner from custody. (Doc. #12-2.)

### III.

"Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.'" Chafin v. Chafin, ____ U.S. ____, 133 S. Ct. 1017, 1023 (2013). This case or controversy requirement must be present through all stages of federal judicial proceedings. Id. A case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Knox v. Serv. Emps., ____ U.S. ____, 132 S. Ct. 2277, 2287 (2012) (internal quotation marks omitted). Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is

deemed moot.  <u>Spencer v. Kemna</u>, 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of 28 U.S.C. § 2254).

In this case, it is undisputed that Smith was released from ICE custody on January 6, 2014.  (Doc. #12-2.)  To the extent Smith sought an individualized bond hearing, the Court can no longer give him any meaningful relief.  See <u>Soliman v. United States ex. rel. INS</u>, 296 F.3d 1237, 1243 (11th Cir. 2002) (dismissing as moot an appeal of a § 2241 petition seeking release from a lengthy detention pending removal because the alien had been returned to his native country).  Since it is impossible for the court to grant any effective relief, the case is moot.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Respondents Marc Moore, Anthony Aiello, Eric Holder, and Janet Napolitano, are **DISMISSED**.

2.  Respondent's Motion to Dismiss (Doc. #12) is **GRANTED**. The Petition is **dismissed without prejudice as moot**.

3.  The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this   5th   day of January, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

```
SA: ftmp-2
Copies: All Parties of Record
```